**Reverse and Remand; Opinion Filed June 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01176-CR

### THE STATE OF TEXAS, Appellant
### V.
### CHASE DUNCAN, Appellee

**On Appeal from the County Criminal Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. MB12-15283**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

In this appeal, the State of Texas challenges the trial court's granting of Chase Duncan's motion to suppress certain evidence. In three issues, the State argues the trial court erred in granting the motion because (1) Duncan lacked standing to contest the search of the residence, (2) the affidavit established probable cause for the search warrant even absent the positive alert of a drug-detecting dog at the residence's front door, and (3) the warrantless free-air, door-seam dog sniff was in good faith. After reviewing the record, we conclude that Duncan failed to establish he had a legitimate expectation of privacy in the residence searched and, thus, had no standing to challenge the warrant. We therefore reverse the trial court's order and remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

This cases arises from the execution of a search warrant for a residence in Coppell, Texas at which the police suspected drug activity. The warrant was based in part on a warrantless open-air sniff of a drug-detecting dog at the residence's front door. Chase Duncan was at the residence when the police executed the warrant. He was detained during the search and ultimately arrested for misdemeanor drug possession.

Duncan filed a motion to suppress evidence and statements obtained during his detention generally arguing that his arrest and the search of his person and the premises were without probable cause. Duncan specifically argued that, in accordance with *Florida v. Jardines*, 133 S. Ct. 1409 (2013), the police officers' use of a drug-detecting dog at the front door of the residence without a search warrant could not be used to support the search warrant. He further contended his statements were not freely made.

The only witness to testify at the hearing on Duncan's motion to suppress was Coppell Police Officer Kenneth Cochran. Officer Cochran was the canine handler who conducted a dog sniff of the residence. He also assisted other Coppell police officers in executing the search warrant that was subsequently obtained for the residence. Officer Cochran stated that Duncan opened the front door to the residence after police knocked. The police officers removed Duncan from the house by passing him to Officer Cochran who took him from the front walkway "off to the left of the door towards the bushes and detained him until the residence could be secured." While Duncan was detained, he appeared nervous. When Officer Cochran asked him if he any contraband, Duncan admitted he had a little bit of marijuana.

After the hearing, the trial court granted Duncan's motion concluding "the thing that evidently sparked the issuance of the search warrant was the air sniff of the exceptional dog. That's what triggered the actual belief to the police department that they had enough to get a

search warrant signed, but it came after the sniff." The trial court further stated that it was granting the motion to suppress "based on the defective warrant." The State now appeals from that ruling.

## ANALYSIS

In its first issue, the State contends the trial court erred in granting Duncan's motion to suppress because appellee failed to establish he had standing to challenge the sufficiency of the search warrant for the premises.

We review a trial court's ruling on a suppression motion under a bifurcated standard of review where we afford almost total deference to the trial court's findings of historical fact while applying a de novo review to the trial court's application of the law of search and seizure to the facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the trial court's ruling, so long as its express or implied findings are supported by the record. *Id*. The trial court ruling will be upheld so long as it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id*. (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

Duncan, as the movant to suppress evidence, must show he has standing to contest the search and seizure, that is, he had a reasonable expectation of privacy in the premises searched. *See Granados v. State*, 85 S.W.3d 217, 222–23 (Tex. Crim. App. 2002). The movant may satisfy this burden by showing he had a subjective expectation of privacy in the place searched that society is prepared to recognize as reasonable. *Id*. at 223. Among the non-exclusive factors relevant to this determination are (1) whether he had a property or possessory interest in the searched premises, (2) whether he was legitimately in the place invaded, (3) whether he had complete dominion or control and the right to exclude others, (4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy, (5) whether he put the

place to some private use, and (6) whether his claim of privacy is consistent with historical notions of privacy. *See id.*

In the record before us, there is no evidence of any of the above factors. Duncan's only demonstrated connection to the premises was that he opened the door for the officers when they appeared at the door to execute the search warrant. Duncan was not listed among the individuals named in the affidavit as residents or owners of the premises. According to Officer Cochran, Duncan never indicated that he was living at the premises. While a person may have a legitimate expectation of privacy in a place that person does not own or reside, the record is devoid of any evidence of Duncan's relationship to the searched premises. Duncan did not testify at the suppression hearing or present any evidence that would satisfy his burden of establishing his legitimate expectation of privacy in the residence. Accordingly, he had no standing to challenge the search of the premises. *See Granados*, 85 S.W.3d 222–23. Because Duncan lacked standing to challenge the search of the premises, the trial court erred in granting his motion to suppress based on a defective search warrant for the premises. We resolve the State's first issue in its favor.

For the first time on appeal, Duncan asserts that the trial court's ruling granting his motion to suppress is supportable on the alternative theory that Duncan's admission to possessing marijuana was the result of an unlawful detention.[1] Duncan acknowledges that *Michigan v. Summers*, 452 U.S. 692 (1981) permits the detention of occupants on the premises during the execution of a search warrant. Nevertheless, citing *Lippert v. State*, 664 S.W.2d 712 (Tex. Crim. App. 1984) and other cases, he argues his detention incident to the search was not

---

[1] Duncan presented this contention in a letter brief filed almost three months after his appellee's brief and less than a week before submission of this cause.

–4–

permissible because he was not directly associated with the premises or named in the warrant and merely happened to be on the premises at the time warrant was executed.

Duncan's written motion to suppress specifically raised issues relating to the warrantless dog sniff. The motion generally raised issues of probable cause for his arrest and the searches of his person and the residence and the voluntariness of his statements to police. Nowhere did it purport to request suppression of evidence based on his unlawful detention. Moreover, our review of the reporter's record confirms that, during the suppression hearing, Duncan limited his challenges to the validity of the search warrant for the residence.

At the hearing, Officer Cochran was asked "how that warrant came to be." Defense counsel objected stating, "The only question is whether or not, within the four corners of the affidavit, the magistrate who signed the search warrant had sufficient information to believe there was probable cause to go in. We're just looking at the search warrant. That's all we're doing." The judge allowed the question. Officer Cochran then detailed how he conducted the dog drug sniff of the residence and discussed the additional grounds outlined in the affidavit supporting the search warrant. When Officer Cochran began recounting his encounter with Duncan after he opened the door to the premises, the trial judge interrupted, "Excuse me for stopping this right now, . . . but we're really going beyond the four corners of the search warrant here, so you don't need to go into any further questioning on that subject." The trial judge then added, "We're just talking about the content of the warrant." Defense counsel's cross-examination and closing argument focused exclusively on the unlawful dog sniff. He argued that absent the dog sniff, there was no probable cause to sustain the search warrant. The State responded that Duncan lacked standing to question the warrant.

Clearly the legality of Duncan's detention incident to the search was not an issue that either party or the trial court addressed below. In fact, Duncan never presented any evidence

with respect to his detention, search, or arrest. When an appellee proffers an alternative legal theory for the first time on appeal as a basis to affirm an otherwise erroneous order that turns upon the production of predicate facts by the appellant that it was never fairly called upon to adduce during the course of the proceedings below, the alternative theory should not be considered "law applicable to the case" and available to justify an otherwise erroneous ruling. *See State v. Esparza*, 413 S.W.3d 81, 89–90 (Tex. Crim. App. 2013). Here, the State was never called upon to show that Duncan's detention was lawful because appellee limited his challenge to the issue of whether there was probable cause for the search warrant of the premises. For this reason, we do not consider Duncan's alternative legal theory as a ground for upholding the trial court's ruling. Having concluded that the trial court erred in granting the motion to suppress on a defective warrant because Duncan lacked standing to challenge the warrant in question, we need not address the State's remaining issues.

We reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

/David Lewis/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131176F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-01176-CR     V.

CHASE DUNCAN, Appellee

On Appeal from the County Criminal Court No. 4, Dallas County, Texas
Trial Court Cause No. MB12-15283.
Opinion delivered by Justice Evans, Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the order of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 26th day of June, 2014.